UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RALPH TED HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:09-CV-375 |
| | ) (VARLAN/SHIRLEY) |
| MOBILITY RENTAL SERVICE, | ) |
| SUE KELLY, DAVE KELLY, and | ) |
| PRIDE MOBILITY PRODUCTS | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant Pride Mobility Products Corporation's ("Pride Corporation's") Rule 12.02(6) Motion to Dismiss for Failure to State a Claim, or in the Alternative, Rule 12.05 Motion for a More Definite Statement [Doc. 1-1].[1] Plaintiff Ralph Ted Howard has filed no response to this motion, and the time for doing so has now passed. *See* E.D.TN. LR 7.1(a), 7.2. The motion is now ripe for this Court's consideration.

---

[1] Pride Corporation filed this motion in Tennessee state court pursuant to Rules 12.02(6) and 12.05 of the Tennessee Rules of Civil Procedure [Doc. 1-1]. The Court considers the motion under Federal Rules of Civil Procedure 12(b)(6) and 12(e), which permit motions to dismiss for failure to state a claim, and for a more definite statement, respectively.

## I. Background

Mr. Howard filed the original complaint in this case in the Circuit Court for Knox County on May 1, 2009 [Doc. 1-1]. Pride Corporation removed the case to this Court on August 24, 2009 [Doc. 1].

Mr. Howard alleges in his original complaint as follows: defendant Mobility Rental Service ("Mobility") is in the business of renting scooters and wheelchairs for conventions, meetings, and other events throughout the United States [Doc. 1-1, ¶ 6]. On May 3, 2008 Mobility was operating at the National Street Rod Association South Nationals at Chilhowee Park in Knoxville for the purpose of renting scooters and wheelchairs to patrons attending the event [*Id.*, ¶ 7]. Mr. Howard rented a Celebrity X 4-Wheel scooter (the "scooter") from Mobility on that day [*Id.*, ¶ 8]. As he was traveling up an incline at Chilhowee Park, the scooter began to stutter, "miss," stall, and roll backwards [*Id.*]. Mr. Howard was thrown from the scooter, struck his head, and suffered serious and disabling injuries [*Id.*, ¶ 9].

On the basis of these allegations, Mr. Howard raises several claims against the defendants, under theories of strict liability, negligence, and breach of warranty [*Id.*, ¶ 20]. First, he alleges that Mobility, Ms. Kelly, Mr. Kelly, and Pride Corporation were negligent for (1) failing to provide Mr. Howard with necessary and appropriate instructions regarding the proper use and handling of the scooter; (2) failing to instruct Mr. Howard of the failure modes involved with backward roll-overs; and (3) failing to warn Mr. Howard that the scooter had a propensity to re-engage the drive train, causing the scooter to flip [*Id.*, ¶¶ 11, 13, 14]. Second, he alleges that Mobility, Ms. Kelly, and Mr. Kelly were negligent in their

2

failure to maintain the scooter [*Id.*, ¶ 12]. Third, and finally, he alleges that Pride Corporation (1) negligently manufactured and designed the scooter, which was defective and unreasonably dangerous as defined by the Tennessee Products Liability Act, codified at Tenn. Code Ann. §§ 29-28-101, *et seq.*; (2) designed the scooter in such a manner that the scooter had the propensity to become unstable or roll over; and (3) delivered into the stream of commerce a scooter which was defective and unreasonably dangerous [*Id.*, ¶¶ 15, 16, 17]. Mr. Howard requested judgment against the defendants "in an amount to be determined by a jury" [*Id.*, ¶ 23].

On June 5, 2009, Pride Corporation filed its motion to dismiss or, in the alternative, for a more definite statement [Doc. 1-1]. Mr. Howard has filed no response to this motion.

The Court has carefully considered the motion in light of the applicable law. For the reasons below, the motion to dismiss or, in the alternative, for a more definite statement will be denied as moot.

**II.    Analysis**

In its motion to dismiss or, in the alternative, for a more definite statement, Pride Corporation contends that Mr. Howard has failed to comply with the special pleading rules required under Tennessee law in products liability cases [*Id.*]. Specifically, Pride Corporation contends that, by failing to state a specific amount in his request for damages in his original complaint, and by instead deferring determination of that amount to a jury, Mr. Howard has failed to comply with the special pleading requirements Pride Corporation has identified. Pride Corporation thus moves to dismiss Mr. Howard's complaint or, in the

3

alternative, for an order requiring Mr. Howard to specify the damages he seeks in this case [*Id.*].

The Court notes that Mr. Howard filed a motion in state court to amend his complaint on July 3, 2009, in which he sought to amend the original complaint by replacing the phrase "in an amount to be determined by a jury" with the phrase "for an amount of no less than Nine Hundred Twenty-Five Dollars ($925,000.00)" [*Id.*].[2] The state court entered an agreed order on August 10, 2009 permitting Mr. Howard to amend his complaint as requested [*Id.*].

In light of the agreed amendment of Mr. Howard's original complaint, which now sets forth a specific damages amount, Pride Corporation's motion to dismiss or, in the alternative, for a more definite statement, will be denied as moot.

### III. Conclusion

For the reasons above, Pride Corporation's Rule 12.02(6) Motion to Dismiss for Failure to State a Claim, or in the Alternative, Rule 12.05 Motion for a More Definite Statement [Doc. 1-1] is hereby **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE

---

[2]The Court notes the discrepancy between "Nine Hundred Twenty-Five Dollars" and "$925,000.00." The Court presumes that Mr. Howard intended his amended request for damages to be for the latter amount rather than for the former.